IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX CICCOTELLI, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| AERPIO PHARMACEUTICALS, INC., | : SECURITIES EXCHANGE ACT OF 1934 |
| STEVE PRELACK, ANUPAM DALAL, | : |
| CALEY CASTELEIN, CHERYL COHEN, | : |
| JOSEPH GARDNER, and PRAVIN DUGEL, | : |
| | : |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

## NATURE OF ACTION

1. On May 16, 2021, Aerpio Pharmaceuticals, Inc. ("Aerpio" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") to be acquired by Aadi Biosciences, Inc. ("Aadi") and Aspen Merger Subsidiary, Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Aerpio will issue shares of common stock to Aadi's shareholders.

3. On July 8, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

**THE PARTIES**

8. Plaintiff is and has been continuously throughout all relevant times the owner of Aerpio common stock.

9. Defendant Aerpio is a Delaware corporation. Aerpio's common stock is traded on the NASDAQ under the ticker symbol "ARPO."

10. Defendant Steve Prelack is Chairman of the Board of Directors of Aerpio (the "Board").

11. Defendant Anupam Dalal is a member of the Board.

12. Defendant Carey Castelein is a member of the Board.

13. Defendant Cheryl Cohen is a member of the Board.

14. Defendant Joseph Garden is a member of the Board.

15. Defendant Pravin Dugel is a member of the Board.

16. Defendants identified in ¶¶ 10-15 are referred to herein as the "Individual

Defendants."

## SUBSTANTIVE ALLEGATIONS

17. Aerpio is a biopharmaceutical company focused on developing compounds that activate Tie2 for indications in which Aerpio believes that activation of Tie2 may have therapeutic potential.

18. On May 16, 2021, Aerpio entered into the Merger Agreement, under which Aerpio will issue shares of common stock to Aadi's shareholders.

19. The press release announcing the Proposed Merger provides as follows:

> Aerpio Pharmaceuticals, Inc. ("Aerpio") (Nasdaq: ARPO), a biopharmaceutical company focused on developing compounds that activate Tie2, and Aadi Bioscience, Inc. ("Aadi"), a privately-held biopharmaceutical company focusing on precision therapies for genetically-defined cancers with alterations in mTOR pathway genes, announced their entry into a definitive merger agreement. Following the proposed merger, Aerpio will change its name to "Aadi Bioscience, Inc." and the combined public company will focus on advancing Aadi's lead product candidate, FYARRO™ (sirolimus albumin-bound nanoparticles for injectable suspension; *nab*-sirolimus; ABI-009).
>
> In support of the merger, Aerpio has entered into subscription agreements to raise $155 million in a Private Investment in Public Equity (PIPE) financing led by Acuta Capital Partners and KVP Capital and including Avoro Capital Advisors; Avoro Ventures; Venrock Healthcare Capital Partners; BVF Partners, L.P.; Vivo Capital; Alta Bioequities, L.P.; Rock Springs Capital; RTW Investments, LP; Acorn Bioventures; and Serrado Capital LLC as well as other undisclosed institutional investors.
>
> The PIPE financing is expected to be consummated concurrently with the closing of the merger. Proceeds from the PIPE financing are intended to be used for commercialization of FYARRO in advanced malignant PEComa and a planned tumor-agnostic registrational trial in solid tumors harboring inactivating alterations in the mTOR pathway genes *TSC1* and *TSC2* expected to be initiated by the end of 2021. Aadi's first indication, advanced malignant PEComa, is an ultra-rare sarcoma enriched in *TSC1* and *TSC2* alterations. Aadi has received Orphan designation, Fast Track designation and Breakthrough Therapy designation from the FDA for FYARRO for the treatment of patients with advanced malignant PEComa. Together with the cash expected from both companies at closing, the net proceeds of the PIPE financing are expected to fund the company into 2024, enabling

potential approval and commercial launch in PEComa as well as completion of a registrational trial in tumors harboring *TSC1* or *TSC2* inactivating alterations.

Caley Castelein, a board member of Aerpio and the proposed chairman of the combined company stated, "Aerpio's board of directors diligently undertook a comprehensive strategic review and has concluded that the proposed transaction with Aadi is in the best interest of our shareholders. We believe Aadi's late-stage development program may offer significant medical benefit to PEComa patients and important potential for patients with tumors harboring *TSC1* or *TSC2* inactivating alterations."

Dr. Neil Desai, founder and chief executive officer of Aadi, added, "FYARRO met its safety and efficacy endpoints in our study in patients with advanced malignant PEComa[2] and this finding supports our approach of targeting mTOR pathway altered cancers with FYARRO. We are excited about the next chapter of growth for Aadi, thankful for the support of our investors, and are energized to continue to develop important new treatment options for our patients."

Anupam Dalal, chief investment officer of Acuta Capital Partners stated, "Together with a group of renowned institutional investors, we are excited to partner with Aadi as it advances FYARRO and strives to unlock the potential of mTOR as a therapeutic target."

Upon closing of the transaction, the combined company will be led by Aadi's chief executive officer, Neil Desai, and headquartered in Los Angeles, California. Aadi's board members Neil Desai and Richard Maroun; Aadi's board observer Karin Hehenberger; and current Aerpio board members Anupam Dalal and Caley Castelein will be members of the board of directors of the combined company. In addition, Behzad Aghazadeh, managing partner of Avoro Capital Advisors and Avoro Ventures, will also join the board of the combined company upon the closing of the transaction.

**About the Proposed Transaction**

Under the terms of the merger agreement, shareholders of Aadi will receive shares of newly issued Aerpio common stock. On a pro forma basis, shareholders of Aadi will own approximately 66.8% and shareholders of Aerpio will own approximately 33.2% of the combined company upon the closing of the merger, prior to the additional PIPE financing transaction. Following the closing of the concurrent PIPE financing, Aerpio shareholders will own approximately 14.7% of the combined company. The actual allocation is subject to adjustment based on Aerpio's cash balance at the time of closing.

The terms of the merger agreement contemplate that a non-transferable contingent value right (a "CVR") will be distributed to Aerpio shareholders as of immediately prior to the effective time of the merger, entitling CVR holders to receive net proceeds received by Aerpio, if any, associated with Aerpio's legacy assets. The

terms and conditions of the CVRs will be pursuant to a CVR Agreement Aerpio will enter into prior to the closing of the merger (the "CVR Agreement").

The merger agreement has been approved by the boards of directors of both companies. The transaction is expected to close in the third quarter of 2021, subject to approval by Aerpio's shareholders, the completion of the PIPE financing, and customary closing conditions. The PIPE financing is expected to close concurrently with, and is conditioned upon, the closing of the merger.

**Advisors**

Ladenburg Thalmann & Co. Inc. is acting as financial advisor to Aerpio for the transaction and Goodwin Procter LLP is serving as its legal counsel. Perella Weinberg Partners LP and Piper Sandler & Co. are acting as financial advisors to Aadi for the transaction and Wilson Sonsini Goodrich & Rosati, P.C. is serving as legal counsel to Aadi. Jefferies LLC; Cowen and Company, LLC; and Piper Sandler & Co. are acting as placement agents for the PIPE financing.

20. On July 8, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

21. The Proxy fails to disclose Aerpio's financial projections.

22. Regarding Aadi's financial projections, the Proxy fails to disclose the line items used to calculate the projections.

23. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

Financial Analyses

24. The Proxy fails to disclose material information regarding the financial analyses conducted by Ladenburg Thalmann & Co. Inc. ("Ladenburg").

25. Regarding Ladenburg's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the basis for assuming a 28.0% corporate tax rate; (ii) the inputs and assumptions

5

underlying the discount rates; and (iii) the basis for assuming no terminal value.

26. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

<u>Background of the Proposed Merger</u>

27. The Proxy fails to disclose material information regarding Aerpio's second financial advisor.

28. The Proxy fails to disclose: (i) the fee the second financial advisor has received or will receive; (ii) the amount of the second financial advisor's fee that is contingent on the consummation of the Proposed Merger; and (iii) whether the second financial advisor has conducted prior services for any parties to the Merger Agreement or their affiliates (and if so, the timing and details of the services and the fees received by the second financial advisor).

29. The omitted information would significantly alter the total mix of information available to Aerpio's shareholders.

**COUNT I**

**Claim Against the Individual Defendants and Aerpio for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

30. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

32. Aerpio is liable as the issuer of these statements.

33. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

34. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

35. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

36. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

37. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

38. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

39. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

40. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

41. The Individual Defendants acted as controlling persons of Aerpio within the meaning of Section 20(a) of the Exchange Act as alleged herein.

42. Due to their positions as officers and/or directors of Aerpio and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control,

directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

44. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

45. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

46. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

47. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

48. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

49. Plaintiff is threatened with irreparable harm.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: August 3, 2021

**GRABAR LAW OFFICE**

By: *Joshua H. Grabar*
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*